ALBERT WHITCOMB AND JOHN BEAN v. WILLIAM WHITTEMORE AND OTHERS.

[In Chancery.]

*Mortgage. Privity of Contract. Subrogation.*

A sold his farm encumbered with three mortgages to B, and B ignorant of the first two assumed the third. Then C and D virtually exchanged farms ; that is, under an agreement with the three, B deeded to C, and C deeded his own farm to D, and D executed a mortgage back to secure the payment of said third mortgage. The orator owning foreclosed the first two mortgages; and while the foreclosure proceedings were pending, before his title became absolute, purchased said third mortgage. A bill having been brought to foreclose against D; *Held*, that D's promise, though not in terms to any one, was, in legal intendment, to the orator, enuring to his benefit; and that he was entitled to a decree.

BILL to foreclose a mortgage. Heard on bill, answer, replication, and a master's report, December Term, 1884. TAFT, Chancellor, decreed a foreclosure.

The following facts appeared : On May 2, 1876, one Goodyear conveyed to Sarah A. Farris, wife of Carlos Farris, a certain farm in Ripton, upon which were two mortgages. On the same day the said Carlos and his wife executed a third mortgage on the farm to Elias H. Matteson, to secure two promissory notes given to him by the said wife. On the 30th of the same May the said Carlos and Sarah A. Farris deeded the farm to H. E., Wm., E. M., and J. M. Slade, and Jane S. Pride, with covenants of warranty against encumbrances, except the last named mortgage to

said Matteson. At this time the orator, Bean, was the owner of a farm in said Ripton, and wished to exchange it for the Farris farm; and the defendant Whittemore desired to purchase the Bean farm. With a view of effecting such trades they conferred with said Slades and Pride, all the parties acting on the supposition that the Farris farm was encumbered only by the Matteson mortgage. It was finally agreed by the three parties, that the said Slades and Pride should deed the Farris farm to Bean; that Bean should deed his own farm to Whittemore; that Whittemore should execute a mortgage back on the Bean farm to ensure the payment of the Matteson mortgage. In accordance with this agreement, in the fall of 1876 the several deeds were executed. The conditions of the Whittemore mortgage were as follows :

" The conditions of this deed are such that if I, the said William Whittemore, or my heirs, executors, or administrators shall, will and truly pay or cause to be paid two certain notes in writing, bearing date May the 2d, 1876, and made payable to Elias H. Matteson or bearer, one for $100 to be paid on or before the 1st day of April, 1877, and the other for $64 to be paid on or before the 1st day of April, 1878, with interest annually according to the terms of the said notes, being the same notes specified in a mortgage deed from Sarah A. Farris *et al.*, to the said Elias H. Matteson, dated May 2, 1876, recorded in book 8, page 416, then this deed to be void and of no effect, otherwise of full force in law."

The master found :

" All of said deeds were a part of the same transaction, and were duly executed, delivered, and recorded. Said deed last above described is the mortgage upon which this petition is brought, and was made subject to a prior mortgage to said Slades and Pride, which has since been paid and discharged.

"At the December Term, 1876, of this court, the orator Whitcomb, having become the owner of said Lyford and Damon mortgages on said Farris farm (both being prior and superior to said Matteson's mortgage), proceeded by petition

to foreclose the same, making the said Bean and wife, the said Slades and Pride, and all other persons interested, parties defendant, and thereupon obtained a decree, which, no person redeeming, became absolute on the 10th day of December, 1879, and said Beans abandoned said Farris farm, which thereupon passed into the possession of said Whitcomb as sole and absolute owner thereof, and said Beans have since had no interest therein."

The orator became the owner of the Matteson mortgage, February 13, 1877, after inquiring of said Whittemore as to it. Whittemore told him that the notes were secured on the Bean farm and that " he had got to pay them."

*Hunton & Stickney*, for the defendants.

Whitcomb having acquired the Farris farm has all that Matteson was entitled to, upon breach of the condition of his mortgage. Neither Bean nor Whittemore were personally liable to Matteson. If the Farris farm (the only land mortgaged to Matteson) was not sufficient to pay the encumbrances upon it, Matteson had no remedy except against the Farrises. *Vrooman* v. *Turner*, 69 N. Y. 280.

The doctrine of subrogation does not apply. Ross, J., in *Nat. Bank* v. *Cushing*, 53 Vt. 321.

Nor has there been any privity between Bean and Whitcomb to constitute Bean's title as mortgagee of the Bean farm, a trust in behalf of Whitcomb. *Vrooman* v. *Turner*, *supra*. Matteson's security was the mortgage of the Farris farm. Whittemore undertook to save that farm from this mortgage.

This understanding was with Bean, and for Bean's benefit, upon a consideration moving from Bean, and was in part fulfilled, while Bean had any title, interest, or concern in the Farris farm. Bean has now no such title, and no interest in the payment of the Matteson debt. Matteson has been paid. If he had not been paid, when foreclosed by Whitcomb, he could not enforce payment from Whittemore nor from Bean.

*J. J. Wilson,* for the orators.

In consideration of a deed of the Bean farm the defendant undertook to pay the Slades and Pride a certain sum, and to assume and pay the Matteson mortgage, and executed his mortgage to secure it. The defendant is estopped by his representations. *M. & W. R. R. R.* v. *Langdon,* 45 Vt. 137; *Soper* v. *French,* 47 Vt. 368.

The opinion of the court was delivered by

Ross, J. When Farris and wife sold the farm on which the mortgage given by them to Matteson was resting, they sold it subject to that mortgage. When their grantees sold it to the orator Bean, they recognized their liability to pay the Farris notes to Matteson, and in the exchange of farms with defendant Whittemore, left in his hands funds to pay the Farris notes and mortgage to Matteson, under an agreement that he would pay said notes, and save the Farris farm therefrom. The performance of this agreement was secured by a mortgage from him on the Bean farm, which they then conveyed to the defendant Whittemore. The condition of the mortgage is that Whittemore shall and will pay the two Farris notes, therein describing them particularly. This promise from Whittemore is not in terms to any one, but by legal intendment to the holder of the Farris notes. On these facts, Whittemore, in legal effect, became the principal, whose primary duty it was to pay the Farris notes. As between Mrs. Farris, her grantees, and Whittemore, she was but a surety thereafter for the payment of the notes. His promise to pay them was for full consideration, in writing, contained in the condition of the mortgage signed by him and in equity, at least, enured to the benefit of the holder of the Farris notes, though the security for the fulfillment of the promise was taken to Bean, who by the same transaction became the owner of the Farris farm, on which the notes were also secured. While matters were in this position, it cannot be doubted,

we think, upon the Farris notes falling due, Matteson and Bean could have maintained a foreclosure of Whittemore's mortgage against him for the payment of the notes. Matteson could have joined in such foreclosure, as he was the owner of the notes to which Whittemore's promise attached. The mortgage to Bean was an incident to the notes. Bean, as the legal holder of the mortgage, could have joined in such foreclosure, and as also interested to have his farm cleared from the encumbrance resting upon it, by reason of the Farris mortgage, which also secured the payment of said notes. The orator Whitcomb is now the legal owner of the Farris notes given to Matteson, and of the Farris farm. As to the farm, he stands in the rights of Bean, having secured his equity of redemption therein by the foreclosure of two mortgages resting thereon, executed earlier than the mortgage securing the Farris notes to Matteson. The Matteson notes he has purchased, and thereby succeeded to Matteson's rights in Whittemore's mortgage given to secure them. The orator Bean still holds the Whittemore mortgage; and since the law day thereon has passed, holds the legal title to the Bean farm, as security for the fulfilment of the condition thereof, to wit: the payment of the Farris notes, and the relief of the Farris farm therefrom, both of which interests now belong to his co-orator Whitcomb. On these facts, and the legal effect thereof, without regard to the question of estoppel, raised by the facts found by the master, we think, the orators are entitled to hold the foreclosure of the mortgage which the Court of Chancery decreed to them.

The decree is affirmed and cause remanded.